Pearson, J.
 

 Ever since the case of
 
 Dodson v.
 
 Bush, 1 Car. L. Repos. 236, the construction of the attachment law, in reference to the subject of interplea, has been considered settled.
 
 “
 
 No time is limited by the act of Assembly, when the
 
 *333
 
 party claiming the- property attached, shall interplead. "We think that he may do so. on the return of the writ of attachment, or at any time afterwards, so that it is done before.final judgment in this, cause-.” As the- statute allows the- party to interplead at any time during-the pendency of the proceeding in attachment, if we suppose the county court committed no error in making the rule, that the interplea should stand dismissed unless the bond was justified on the first day of the next term, and in making that order absolute on failure to justify at the time, thus putting the petition, to interplead upon, the footing of an ordinary action when exception is taken- to the prosecution bond, it is very clear that according to- the construction of the statute, fixed by
 
 Dodson v. Bush, supra,
 
 the party was entitled to- renew his application at- any time afterwards, when he might be prepared to file-a sufficient bond; consequently the Court erred in refusing-the application which-was made on Thursday of the term, when the Governor’s Creek Company, having- procured a sufficient bond, tendered it and applied a second time to be allowed to interplead.— Here, at least, the distinction between this proceeding and an ordinary action made a difference. Although we agree with his honor in the opinion, that the County Court ought to have accepted the bond and allowed the interpleader, yet we are of opinion he erred in ordering a
 
 prooeclmd'o commanding
 
 the County Court to
 
 reeeive ihe> bond
 
 and proceed with the trial. A procedendo, as the term imports, can only issue when a proceeding has been instituted in the inferior court, and is interrupted by an appeal; in such cases the superior court puts the matter right, and directs the inferior court'to proceed. — - Where the county court refuses to permit a suit or other proceeding to be instituted before it, and an appeal is taken to the superior court for error in such refusal, the course is for the superior court to take jurisdiction of the cause, and to dispose of it finally ; because there is nothing in the county court which can be proceeded with. This distinction is pointed out and acted upon in
 
 Russell
 
 v.
 
 Saunders,
 
 3 Jones’ Rep. 432. There, the county court refused to dismiss and accepted
 
 *334
 
 the bond, and a procedendo was issued, but tlie court say “If the county court had dismissed the suit, so as to put the case out of that court, upon an appeal, on reversal of the order of the county court, the further proceedings in the case would have been properly in the superior court. So, in our case, the bond ought to have been received and the interpleader allowed in the
 
 Superior Court.
 
 There is no precedent for the order that was made. It purports to be a procedendo, but is ■in fa¡ct -a kind of
 
 mandamus.
 
 In
 
 Shaffner
 
 v.
 
 Fogleman,
 
 Busbee 280, the county court having dismissed the petition, it was held to be the duty of the superior court to hear and determine the cause, and it was said that a procedendo to the county court would not have been proper. It was said in the argument, that in
 
 Dodson
 
 v. Bush,
 
 supra,
 
 a procedendo issued. True; but in that case, the petition to interplead was allowed; so, a case was constituted in that court; in this, the petition was refused and the proceeding dismissed. These two cases will serve to illustrate the distinction on which the Court has acted. It was also suggested that the fact of the original attachment being pending in the county court, forms a ground for making this case an exception.
 
 We
 
 are unable to perceive upon what principle it can have that effect; for the proceeding by interpleader, although it grows out of the original attachment, is distinct and independent, and under it, the right of property is to be conclusively tried as to the parties, without any further reference to the proceeding under the attachment, and the order to the county court would be a command to institute a new suit, and not a direction to proceed with one.
 

 ■ The transcript is made up in a very confused manner. As we understand it, the judgment of the Superior Court allowed the petitioner to interplead; his honor being of opinion that the bond was sufficient, and that the party had made application in due time. This judgment is affirmed, but the order directing a procedendo was irregular, and must be vacated, so as to leave the matter in the Superior Court, to be there heard and determined.
 

 Pee C URIAH, Judgment affirmed.